UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MATEUSZ SASIADA,<br><br>                    Plaintiff(s),<br><br>    v.<br><br>SWITCH, LTD.,<br><br>                    Defendant(s). | Case No. 2:23-CV-88 JCM (NJK)<br><br>ORDER |

      Presently before the court is defendant Switch, LTD.'s motion for attorney's fees. (ECF No. 22). Plaintiff Mateusz Sasiada filed a response (ECF No. 23), to which Switch replied (ECF No. 24). For the reasons set forth below, the court GRANTS the motion.

**I.    Background**

      This action originates from an employment discrimination dispute. Sasiada filed a complaint in January 2023 alleging religious discrimination against his employer, Switch. (ECF No. 1). Switch moved the court to dismiss the complaint and compel arbitration pursuant to a valid and enforceable arbitration agreement. (ECF No. 9). The court granted the motion and ordered Switch to file a motion for attorney's fees, finding Sasiada engaged in frivolous and bad-faith litigation. (ECF No. 21).

      Switch filed the motion for attorney's fees on March 5, 2024. (ECF No. 22). Switch calculates it is entitled to $10,982.91 in reasonable fees. (*Id.*). The motion is supported by a record of the hours spent relating to the matter, as well as affidavits from Switch's counsel. (*Id.*). Sasiada filed a partial opposition to the motion contesting certain time entries and arguing Switch is entitled only to $7,911.78. (ECF No. 23 at 3).

## II.     Legal Standard

Both "the right to fees" and "the method of calculating the fees" are substantive issues governed by state law.  *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (citing *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)).  Federal law dictates only the procedure for *requesting* attorney's fees and costs.  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to recover attorney's fees).

Under Rule 54(d), the party seeking attorney's fees must (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.  Fed. R. Civ. P. 54(d)(2).

Under this court's local rules, fee requests must include (1) "a reasonable itemization of the work performed;" (2) "an itemization of all costs sought to be charged as part of the fee award;" (3) a brief summary of the time and labor required, the customary fee, awards in similar cases, and other items set forth in LR 54-14(a)(3); and (4) an attorney affidavit authenticating the information contained in the motion for fees.  LR 54-14.  Oppositions "must set forth the *specific* charges that are disputed and state with *reasonable particularity* the basis for the opposition," and must also include attorney affidavits.  LR 54-14(d) (emphasis added).

## III.    Discussion

As a preliminary matter, the court finds Switch's motion is compliant with Rule 54(d) and the local rules.  Sasiada opposes Switch's calculation of the attorney's fees based on certain time entries.  The court will first determine whether Switch's preliminary calculation is reasonable before turning to Sasiada's specific challenges.

### A.    Amount of reasonable attorneys' fees.

Nevada district courts have "great discretion" when determining the amount of attorney's fees to award, which is "tempered only by reason and fairness."  *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1034 (Nev. 2006) (citations omitted).  One established method the court

may employ is the lodestar method, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 549 (Nev. 2005) (quotations omitted). The court may adjust the lodestar figure based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).

   i.  Lodestar—Reasonable hours

Switch argues it is entitled to $10,982.91 in reasonable attorney's fees. Switch attorneys billed 31.5 hours of total work. (ECF No. 22). Switch's motion for attorney's fees includes a detailed billing record accounting for the purpose of each hour charged pursuant to Local Rule 54-14. (*Id.*, Ex. 1). The attorneys on the case each signed an affidavit authenticating that the record has been reviewed and is accurate.

Of the total 31.5 hours, 4 hours were used to prepare the instant motion for attorney's fees. Switch's counsel therefore spent a total of 27.5 hours defending against Sasiada's claim, which this court found to be frivolous and in bad faith. After reviewing the record and considering the nature of the work performed, the court is persuaded Switch spent a reasonable number of hours working on the case.

   ii.  Lodestar—Reasonable hourly rate

An hourly rate is reasonable based on skill, experience, and reputation. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). Shareholder Wendy Krincek billed 5.25 hours at an hourly rate of $550. (*Id.*). The remaining 26.25 hours were billed by associate attorney Michael Dissinger at an hourly rate of $305 for all hours billed in 2023, and $335 for all hours billed in 2024. (*Id.*). Krincek has been practicing law since 1997. Dissinger has been practicing law since 2019. Both attorneys exclusively practice labor and employment law.

The rates Dissinger and Krincek charged are comparable to other rates found to be reasonable in this district. *Baluma S.A. v. Chow*, 2023 WL 2844215, at * 2 (D. Nev. Mar. 20, 2023) (approving an hourly rate of $345 for an associate attorney with less than 5 years of experience). Hourly rates of $500 have also been approved for attorneys with 18-30 years of experience. *See Newmark Group, Inc. v. Avison Young*, 2022 WL 990640, at *1 (D. Nev. Apr. 1,

- 3 -

2022); *Leftenant v. Blackmon*, 2022 WL 605344, at *1 (D. Nev. Feb. 28, 2022).

The billing record shows that much of the work was delegated to an associate who billed at a lower rate than partners, which the Nevada Supreme Court has found to support a finding that the hourly rate was reasonable. *Zilverberg*, 481 P.3d at 1231. The court therefore finds these hourly rates reasonable, and the $10,982.91 lodestar figure is appropriate.

    *iii.*    *Kerr analysis*

After a lodestar analysis, the court may enhance or reduce the figure based on the factors in *Kerr* that are not subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (citation omitted).

Courts most commonly consider the nature of the case and the results obtained in adjusting the lodestar figure. *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013). Here, Switch successfully defended against an arbitrable claim in which Sasiada presented frivolous and bad-faith arguments. However, the court is persuaded that the lodestar figure is an accurate reflection of the work performed and finds no reason to enhance or reduce the number.

    B.  <u>Contested time entries.</u>

Sasiada's opposition is limited. Sasiada contests certain time entries and argues the total award figure should be reduced to $7,911.78. He first argues Switch should not be awarded fees for preparing the motion for attorney fees but offers no authority to support this argument. Time spent establishing an amount of awardable fees is compensable. *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986). Switch is therefore entitled to the $1,550.00 it has requested for its time spent preparing the motion for fees.

Sasiada next argues that nine entries should not be awarded because they do not relate to the "essence" of the motion to compel. This argument fails. The court did not limit Switch's

attorney's fees to its work on the motion to compel. Rather, it awarded *all* reasonable attorney's fees incurred "in this matter" in light of Sasiada's bad-faith litigation. The court therefore finds that Switch is entitled to the $838.75.00 relating to work prior to drafting the motion to compel.

Finally, Sasiada contests eight entries that relate only to general communications regarding litigation strategy between Switch and its counsel. Sasiada again offers no authority to show these communications were unreasonable costs incurred in the action. Switch is therefore entitled to the $677.38 relating to these entries.

Switch has complied with the court's order and filed a motion for attorney's fees which properly calculates the reasonable fees Switch has incurred in this action to be $10,982.91. Sasiada's arguments to reduce the amount to $7,911.78 are without merit as the court has ordered Switch to be entitled to *all* reasonable fees incurred in this matter.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED that Switch's motion for attorney's fees (ECF No. 22) be GRANTED. Sasiada is ORDERED to pay Switch $10,982.91 in attorney's fees pursuant to this order.

DATED October 23, 2024.

_____
UNITED STATES DISTRICT JUDGE